UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 06-20110-CIV-SEITZ/WHITE

02-20938-CR-PAS ✓

AVONDA VANAY DOWLING,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER AFFIRMING AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

THIS MATTER is before the Court upon the Report and Recommendation [DE-22] of the Honorable Patrick A. White, United States Magistrate Judge. Magistrate Judge White recommends denying Petitioner's 28 U.S.C. § 2255 motion to vacate or set aside her conviction based on ineffectiveness of trial counsel. Applying *Strickland v. Washington*, 466 U.S. 668 (1984), Magistrate Judge White found that counsel's representation was not constitutionally deficient and that, even if it was, the outcome of the trial would not have been different. The Court has carefully reviewed, *de novo*, Magistrate Judge White's Report and Recommendation and the pertinent record and fully agrees with the Magistrate Judge's thorough analysis of Petitioner's claims.

Petitioner objects to the Report and Recommendation. However, she does not identify any specific deficiencies with the Magistrate Judge's reasoning but merely rehashes, in conclusory fashion, the arguments raised and rejected by the Magistrate Judge. The only particular issue she focuses on is trial counsel's failure to cross-examine Officer Garcia concerning Petitioner's 1998 drug-related arrest. According to Petitioner, this deficiency was critical to her statute of limitations defense because she claims this was the only post-1997 evidence of her involvement with the underlying drug conspiracy.[1] Petitioner's ineffective assistance theory

---

[1] The Indictment was returned on November 14, 2002. As such, the five year statute of limitations would preclude a finding of guilt if there was no evidence of her involvement in the conspiracy after November 14, 1997.

is that had counsel successfully challenged Officer Garcia's testimony, there would have been no evidence of the Petitioner's involvement in the conspiracy after 1997, and therefore her statute of limitations defense would have succeeded.

The central flaw with this argument is that there was evidence from other witnesses of Petitioner's post-1997 involvement in the conspiracy. *See, e.g.*, DE-449, pp. 26-27, 47-48 (testimony from Andrea Sawyer that Petitioner sold a kilo of cocaine powder in early 1998). There was also testimony, albeit conflicting testimony, that Petitioner continued to exert supervisory control over her drug operations even after she was incarcerated in 1999. As such, even if the Court were to find counsel's performance constitutionally deficient with respect to Officer Garcia – and the Court agrees with the Magistrate Judge's conclusion that it was not – there still is no likelihood that the outcome of the trial would have been different. The jury clearly had sufficient post-1997 evidence to convict. Therefore, Petitioner cannot satisfy her burden of proof with regard to the prejudice prong of *Strickland*.

Thus, based on the legal analysis set forth in the Report and Recommendation, and overruling Petitioner's objections, it is hereby

ORDERED that:

1. The Report and Recommendation of Magistrate Judge Patrick A. White [DE-22] is AFFIRMED and ADOPTED;

2. Petitioner's motion to vacate under 28 U.S.C. § 2255 [DE-1] is DENIED;

3. All pending motions not otherwise ruled upon are DENIED AS MOOT and this case is CLOSED.

DONE and ORDERED in Miami, Florida, this 12th day of April, 2007.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:
Counsel of Record/*Pro Se* Parties